## WM. BUCHANNAN *v.* D. S. TRIMBLE.

[Abstract Kentucky Law Reporter, Vol. 3—533, as Buchanan v. Trimble.]

**Vendor's Lien.**

Where land was sold and conveyed in 1856 and notes were taken for a part of the purchase-money, under a written agreement that they were to be paid in labor, and the agreement is lost, after a period of twenty-five years, the vendor will not be allowed, by doubtful evidence, to show that the labor furnished was to satisfy some other claims and not as payment of said notes, so as to destroy the rights of the present holder of the title.

APPEAL FROM WOLFE CIRCUIT COURT.

January 7, 1882.

OPINION BY JUDGE PRYOR:

The notes in controversy, and the conveyance of the land for which the notes were given, were all executed in the years 1856 and 1858, fourteen or fifteen years prior to the institution of this action to enforce the lien. The conveyance, when exhibited, shows that no lien was retained, and the facts of the record conduce strongly to show that it was understood that no lien should be reserved in the deed for the payment of the purchase-money.

Besides, the decided weight of the testimony is to the effect that it was agreed, between the assignee of these notes (the appellee) and the appellant, that the latter should go upon the land of the appellee and perform certain labor in discharge of the two notes and a certain note held by one Lewis. This agreement was in writing but has been lost, and the appellee is attempting to show that the labor was in discharge of other debts than the notes mentioned, and is setting up accounts originating as far back as the year 1858 as a set-off to this claim for labor. While the statute of limitations is not pleaded, and the right of recovery on the accounts when properly proven is unquestioned, still we are satisfied that these notes were discharged and paid off under the agreement, and the appellee will not be allowed to substitute these stale claims as an off-set to the claim for labor so that he may enforce his lien on the land. He stood by for years and must have known, or could have known by the exercise of the slightest diligence, that the appellant, or others for him, held the legal title to the land free from any incumbrance; and after such a lapse of time, and when the agreement as to the labor in discharge of the notes is lost, he will not be allowed to defeat the plea of payment by showing the existence of other indebtedness. The proof warrants the conclusion that the appellant has fully paid off the notes, and if the appellee has other claims against him his remedy is plain.

The judgment is *reversed* and cause remanded with directions to dismiss the petition, or may permit the appellee, if he desires, to amend by setting up the claims due by account. The notes

for the purchase-money and note to Lewis have been paid, as the proof shows.

*J. E. Cooper, for appellant.*

*B. F. Day, J. M. Nesbitt, for appellee.*